UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSUELO VEGA et al., | No. 2:13-cv-1666-KJM-KJN PS |
| Plaintiffs, | |
| v. | ORDER |
| JPMORGAN CHASE BANK, N.A., et al., | |
| Defendants. | |

Plaintiffs Consuelo Vega and Mario Vega commenced this action on July 3, 2013, in the Solano County Superior Court. On August 12, 2013, defendants removed the action to this court, invoking the court's diversity of citizenship jurisdiction. (ECF No. 1.) On August 19, 2013, defendants filed motions to dismiss plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), which were noticed for hearing before the assigned district judge on October 11, 2013. (ECF Nos. 8, 9.) Shortly after the filing of these motions, plaintiffs' counsel moved to withdraw as counsel for plaintiffs, and plaintiffs themselves consented to the withdrawal. (ECF Nos. 13-15.) Accordingly, on August 28, 2013, the district judge authorized plaintiffs to proceed without counsel, referred the action to the undersigned for all pre-trial proceedings pursuant to Local Rule 302(c)(21), and vacated all pending dates before the district judge. (ECF No. 17.)

////

////

1

That same day, the court issued a minute order, stating that:

> [I]n light of the referral of the case to Judge Newman for all further pretrial proceedings pursuant to E.D. Cal. L.R. 302(c)(21), the pending motions to dismiss are reset for hearing before Judge Newman on 10/24/2013 at 10:00 a.m. in Courtroom 25…Plaintiffs shall file an opposition or statement of non-opposition to these motions NO LATER THAN 10/3/2013. Defendants may file any reply brief no later than 10/10/2013. Failure to file an opposition or statement of non-opposition to the motions by the required deadline may result in a recommendation that the action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

(ECF No. 18.) The court's minute order was served on plaintiffs by mail at their address of record.

Although the October 3, 2013 deadline has now passed, the court's docket reveals that plaintiffs failed to file a written opposition or statement of non-opposition with respect to the motions to dismiss.

Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Moreover, Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants") (overruled on other grounds). Case law is in accord that a district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation

Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal"); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court"); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal or default).

In light of plaintiffs' pro se status and the court's desire to resolve plaintiffs' claims on the merits, the court finds it appropriate to provide plaintiffs with one final additional opportunity to oppose defendants' motions to dismiss, if plaintiffs intend to do so.

Accordingly, IT IS HEREBY ORDERED that:

1. The October 24, 2013 hearing on defendants' motions to dismiss (ECF Nos. 8, 9) is VACATED and CONTINUED to Thursday December 5, 2013, at 10:00 a.m., in Courtroom No. 25 before the undersigned.

2. Plaintiffs shall file an opposition to the motions to dismiss **no later than November 7, 2013**. Alternatively, plaintiffs may file a statement of non-opposition to the motions to dismiss no later than November 7, 2013.

3. Defendants shall file reply briefs to plaintiffs' opposition, if any, no later than November 21, 2013. No further briefing will be permitted, unless requested by the court.

////
////
////
////
////
////

3

4. Failure to file a timely opposition or statement of non-opposition to the motions to dismiss will result in a recommendation that the action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

Dated: October 7, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE