UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSUELO VEGA & MARIO VEGA, | No. 2:13-cv-1666-KJM-KJN PS |
| Plaintiffs, | |
| v. | ORDER AND |
| JPMORGAN CHASE BANK, N.A., et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

By these findings and recommendations, the court recommends that plaintiffs' action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).[1] Plaintiffs twice failed to file an opposition to defendants' motions to dismiss, despite plaintiffs having been clearly warned of the consequences for failing to do so.

BACKGROUND

Plaintiffs Consuelo Vega and Mario Vega commenced this predatory lending/foreclosure action on July 3, 2013, in the Solano County Superior Court. On August 12, 2013, defendants removed the action to this court, invoking the court's diversity of citizenship jurisdiction. (ECF No. 1.) On August 19, 2013, all defendants filed motions to dismiss plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), which were noticed for hearing before the

---

[1] This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

assigned district judge on October 11, 2013. (ECF Nos. 8, 9.) Shortly after the filing of these motions, plaintiffs' counsel moved to withdraw as counsel for plaintiffs, and plaintiffs themselves consented to the withdrawal. (ECF Nos. 13-15.) Accordingly, on August 28, 2013, the district judge authorized plaintiffs to proceed without counsel, referred the action to the undersigned for all pre-trial proceedings pursuant to Local Rule 302(c)(21), and vacated all pending dates before the district judge. (ECF No. 17.)

That same day, the court issued a minute order, stating that:

> [I]n light of the referral of the case to Judge Newman for all further pretrial proceedings pursuant to E.D. Cal. L.R. 302(c)(21), the pending motions to dismiss are reset for hearing before Judge Newman on 10/24/2013 at 10:00 a.m. in Courtroom 25…Plaintiffs shall file an opposition or statement of non-opposition to these motions NO LATER THAN 10/3/2013. Defendants may file any reply brief no later than 10/10/2013. Failure to file an opposition or statement of non-opposition to the motions by the required deadline may result in a recommendation that the action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

(ECF No. 18.) The court's minute order was served on plaintiffs by mail at their address of record.

Plaintiffs failed to file an opposition to the motions to dismiss in accordance with the court's minute order. However, in light of plaintiffs' pro se status and the court's desire to resolve the action on the merits, the court issued an order on October 7, 2013, continuing the hearing on the motions to dismiss, and providing plaintiffs with one final additional opportunity to file an opposition or statement of non-opposition to the motions no later than November 7, 2013. (ECF No. 19.) Plaintiffs were again cautioned that "[f]ailure to file a timely opposition or statement of non-opposition to the motions to dismiss will result in a recommendation that the action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b)." (Id.) The court's October 7, 2013 order was also served on plaintiffs by mail at their address of record.[2]

---

[2] The court's orders sent to plaintiffs have not been returned to the court as undeliverable. Nevertheless, even if they had been, it is plaintiffs' duty to keep the court informed of their current address, and service of the court's orders at the address on record was effective absent the filing of a notice of change of address. In relevant part, Local Rule 182(f) provides: "Each appearing attorney and pro se party is under a continuing duty to notify the Clerk and all other parties of any change of address or telephone number of the attorney or the pro se party. Absent

2

Although the November 7, 2013 deadline has now passed, the court's docket reveals that plaintiffs yet again failed to file a written opposition or statement of non-opposition with respect to the motions to dismiss in accordance with the court's order.

DISCUSSION

Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Moreover, Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants") (overruled on other grounds). Case law is in accord that a district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal"); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court"); Thompson v. Housing Auth. of City of L.A., 782

---

such notice, service of documents at the prior address of the attorney or pro se party shall be fully effective."

3

1  F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to
2  control their dockets and may impose sanctions including dismissal or default).
3        A court must weigh five factors in determining whether to dismiss a case for failure to
4  prosecute, failure to comply with a court order, or failure to comply with a district court's local
5  rules. See, e.g., Ferdik, 963 F.2d at 1260. Specifically, the court must consider:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.

9  Id. at 1260-61; accord Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002); Ghazali v.
10 Moran, 46 F.3d 52, 53 (9th Cir. 1995). The Ninth Circuit Court of Appeals has stated that
11 "[t]hese factors are not a series of conditions precedent before the judge can do anything, but a
12 way for a district judge to think about what to do." In re Phenylpropanolamine (PPA) Prods.
13 Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006). Although involuntary dismissal can be a harsh
14 remedy, on balance the five relevant factors weigh in favor of dismissal of this action.
15      Here, the first two Ferdik factors strongly support dismissal. Plaintiffs' repeated failure to
16 oppose defendants' motions to dismiss, despite clear warnings of the consequences, strongly
17 suggests that plaintiffs are not interested in seriously prosecuting the action, or at least do not take
18 their obligations to the court and other parties seriously. See, e.g., Yourish v. Cal. Amplifier, 191
19 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always
20 favors dismissal"). Indeed, plaintiffs have not even requested an extension of time on any
21 articulated basis, let alone shown good cause for a further extension of time to comply with the
22 court's orders. Any further time spent by the court on this case, which plaintiffs have
23 demonstrated a lack of any serious intention to pursue, will consume scarce judicial resources and
24 take away from other active cases. See Ferdik, 963 F.2d at 1261 (recognizing that district courts
25 have inherent power to manage their dockets without being subject to noncompliant litigants).
26      The third Ferdik factor, prejudice to a defendant, also favors dismissal. Plaintiffs have
27 now twice failed to oppose defendants' motions to dismiss, and at a minimum, defendants have
28 been prevented from attempting to resolve this case on the merits by plaintiffs' unreasonable

4

1  delay in prosecuting this action.  Unreasonable delay is presumed to be prejudicial.  See, e.g., In
2  re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d at 1227.

3        The fifth Ferdik factor, which considers the availability of less drastic measures, also
4  supports dismissal of this action.  As noted above, the court has actually pursued remedies that
5  are less drastic than dismissal.  See Malone v. U.S. Postal Serv., 833 F.2d 128, 132 (9th Cir.
6  1987) ("[E]xplicit discussion of alternatives is unnecessary if the district court actually tries
7  alternatives before employing the ultimate sanction of dismissal").  Before dismissing the case
8  based on plaintiffs' failure to oppose defendants' motions to dismiss, the court granted plaintiffs
9  an additional opportunity to oppose the motion and advised plaintiffs that they were required to
10 actively prosecute the action and follow the court's orders.  It also warned plaintiffs in clear terms
11 that failure to oppose the motions to dismiss, or file a statement of non-opposition to the motions,
12 would result in dismissal of the action with prejudice.  Warning a plaintiff that failure to take
13 steps towards resolution of his or her action on the merits will result in dismissal satisfies the
14 requirement that the court consider the alternatives.  See, e.g., Ferdik, 963 F.2d at 1262 ("[O]ur
15 decisions also suggest that a district court's warning to a party that his failure to obey the court's
16 order will result in dismissal can satisfy the 'consideration of alternatives' requirement") (citing
17 Malone, 833 F.2d at 132-33).

18       At this juncture, the court finds no suitable alternative to recommending dismissal of the
19 action.  In light of plaintiffs' repeated failure to respond to defendants' motions, despite the
20 court's explicit orders, the court has little confidence that plaintiffs would pay monetary sanctions
21 if they were imposed in lieu of dismissal.  Moreover, given that the motion to withdraw filed by
22 plaintiffs' former counsel states that plaintiffs failed to pay her attorneys' fees, it appears that
23 plaintiffs may not have the resources to pay monetary sanctions.  (ECF No. 13-1.)

24       The court also recognizes the importance of giving due weight to the fourth Ferdik factor,
25 which addresses the public policy favoring disposition of cases on the merits.  However, for the
26 reasons set forth above, factors one, two, three, and five support dismissal of this action, and
27 factor four does not materially counsel otherwise.  Dismissal is proper "where at least four factors
28 support dismissal or where at least three factors 'strongly' support dismissal."  Hernandez v. City

5

of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citations and quotation marks omitted).  Under the circumstances of this case, the other relevant factors outweigh the general public policy favoring disposition of actions on their merits.  See Ferdik, 963 F.2d at 1263.  If anything, a disposition on the merits has been hindered by plaintiffs' own failure to comply with the court's orders.

In sum, the court endeavors to give pro se litigants, unfamiliar with court procedures, a fair opportunity to present their case.  As such, the court sua sponte granted plaintiffs an extension to oppose defendants' motions, provided plaintiffs with cautionary instructions, and afforded plaintiffs some leniency with respect to the litigation.  However, at some point, leniency must give way to considerations of limited court resources and fairness to the other compliant litigants.

CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. The December 5, 2013 hearing on defendants' motions to dismiss is VACATED.
2. Any other dates and deadlines in this action are vacated pending resolution of the findings and recommendations by the district judge.

IT IS ALSO HEREBY RECOMMENDED that:

1. The action be DISMISSED WITH PREJUDICE pursuant to Federal Rule of Civil Procedure 41(b).
2. Defendants' motions to dismiss (ECF Nos. 8, 9) be DENIED AS MOOT.
3. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may

waive the right to appeal the District Court's order.  <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

    IT IS SO ORDERED AND RECOMMENDED.

Dated:  November 13, 2013

*/s/ Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE